UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES ALLEN BARNETT,

      Petitioner,

v.                   Case No: 2:16-cv-238-FtM-29CM
                   Case No: 2:08-cr-100-FtM-29CM

UNITED STATES OF AMERICA,

      Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #134) (the Section 2255 Motion),[1] and a Memorandum of Supporting Facts (Cv. Doc. #2), both filed on March 28, 2016. The government filed a Motion to Dismiss the Petitioner's 28 U.S.C. § 2255 (Cv. Doc. #8) on May 27, 2016, seeking dismissal of the Section 2255 motion as untimely and, alternatively, a denial of the motion on the merits. Petitioner filed a Response (Cv. Doc. #9) on June 17, 2016.

Also before the Court is petitioner's Motion Pursuant to Civil Procedure Rule 15(c)(2)-(d) Supplemental Pleadings Memorandum of

_____

[1] The Court will refer to the docket of the civil habeas case as "Cv. Doc.", and will refer to the docket of the underlying criminal case as "Cr. Doc."

Supporting Facts. (Cv. Doc. #10.) Petitioner seeks to supplement his pleading with the more recent Supreme Court decision in Mathis v. United States, 136 S. Ct. 2243 (2016).

For the reasons set forth below, the Court grants the motion to supplement, grants in part and denies in part the motion to dismiss, and dismisses in part and denies in part the Section 2255 Motion.

**I.**

On July 2, 2008, a federal grand jury in Fort Myers, Florida returned a two-count Indictment (Cr. Doc. #1) against petitioner and a co-defendant.[2] Petitioner was charged in Count One with possession of a firearm after having been convicted of the following felony offenses: (1) battery on a law enforcement officer, in violation of Fla. Stat. § 784.07; (2) burglary of a dwelling, in violation of Fla. Stat. § 810.02(3); (3) robbery, in violation of Fla. Stat. § 812.13; (4) aggravated battery, in violation of Fla. Stat. § 784.045; and (5) sale or delivery of cocaine, in violation of Fla. Stat. § 893.13, all in violation of Title 18, United States Code, Sections 922(g)(1) and 924(e).

On May 4, 2009, petitioner entered a plea of guilty to Count One of the Indictment. (Cr. Doc. #108.) The plea was accepted, and petitioner was adjudicated guilty. (Cr. Doc. #110.)

---

[2] Count Two of the Indictment set forth an offense against co-defendant William Thomas Harris. (Cr. Doc. #1, pp. 2-3.)

On July 27, 2009, the Court sentenced petitioner to 180 months imprisonment, followed by a term of supervised release, pursuant to the Armed Career Criminal Act (ACCA). Judgment was filed on July 28, 2009. (Cr. Docs. #116, 117.) Petitioner did not file a direct appeal with the Eleventh Circuit, and the conviction became final on August 7, 2009, ten days after entry of the Judgment. See Fed. R. App. P. 4(b)(1).

No further action was taken until March 28, 2016, when petitioner filed his Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody. (Cv. Doc. #1; Cr. Doc. #134.) In the Section 2255 Motion and subsequent papers petitioner asserts that his prior convictions for burglary, robbery, aggravated battery, and battery on a law enforcement officer no longer qualify as ACCA predicate offenses in light of Johnson v. United States, 135 S. Ct. 2551 (2015), and that his prior drug convictions no longer qualify as a "serious drug offense." Therefore, petitioner argues, he no longer qualifies for, and is actually innocent of, the ACCA sentence enhancement. Petitioner seeks to have his sentence vacated and to be re-sentenced without the ACCA enhancement.

Respondent filed a Motion to Dismiss the Section 2255 Motion as untimely, or alternatively, to deny the Section 2255 Motion on the merits. (Cv. Doc. #8.)

**II.**

Under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), federal prisoners have one year from the latest of the following four triggering events to file a Section 2255 Motion:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4). Petitioner asserts that his Section 2255 Motion is timely under Sections 2255(f)(3) and (f)(4) based on the decision in Johnson v. United States, 135 S. Ct. 2551 (2015), and its retroactive application by Welch v. United States, 136 S. Ct. 1257 (2016), as well as Mathis v. United States, 136 S. Ct. 2243 (2016). Petitioner argues that his motion is timely filed because it was filed before the Johnson deadline of June 26, 2016. (Cv. Doc. #2, p. 2.) See In re Robinson, 822 F.3d 1196, 1198 (11th Cir. 2016).

"In order for a Supreme Court decision to restart the one-

year statute of limitations under § 2255(f)(3), the decision must both (1) recognize a new right and (2) be made retroactively applicable to cases on collateral review." Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir. 2017). But an appellate decision is not a new "fact" for the purposes of timeliness under Section 2255(f)(4). Bazemore v. United States, 595 F. App'x 869, 873 (11th Cir. 2014).

The timeliness of a Section 2255 motion must be judged on a claim-by-claim basis. Zack v. Tucker, 704 F.3d 917, 918, 921–26 (11th Cir. 2013) (en banc) (AEDPA's statute of limitations "requires a claim-by-claim approach to determine timeliness.") "In other words, if a § 2255 movant asserts that his § 2255 motion is timely because he filed it within one year of the Supreme Court's issuance of a decision recognizing a new right, we must determine whether each claim asserted in the motion depends on that new decision. If a particular claim does not depend on the new decision, that claim is untimely and must be dismissed." Beeman v. United States, 871 F.3d 1215, 1219 (11th Cir. 2017).

Petitioner's Section 2255 Motion is timely to the extent it challenges those prior convictions classified as a "violent felony" which may be impacted by Johnson or Mathias. On the other hand, the Section 2255 Motion is not timely as to the prior convictions which are unaffected by these Supreme Court decisions addressing the meaning of a "violent felony." Thus, as discussed

below, the Section 2255 Motion may properly challenge some of the predicate ACCA offenses, and may challenge whether petitioner remains ACCA-qualified after application of the new Supreme Court decisions. Petitioner may not challenge whether his drug convictions qualify as "serious drug offenses." To that extent, the government's motion to dismiss is denied in part and granted in part.

**III.**

A brief discussion of petitioner's offense of conviction and the ACCA is necessary in order to place the challenges raised in the Section 2255 Motion in context. Petitioner was charged with violating 18 U.S.C. § 922(g)(1), under which it is unlawful for a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to knowingly possess any firearm or ammunition in or affecting commerce. 18 U.S.C. § 922(g)(1). The prior conviction generally must be a felony offense. 18 U.S.C. § 921(20). The maximum penalty for such an offense is ten years imprisonment. 18 U.S.C. § 924(a)(2).

Under the ACCA, a defendant found guilty of possession of a firearm or ammunition pursuant to 18 U.S.C. § 922(g) is subjected to a an enhanced sentence of a mandatory minimum fifteen years imprisonment if the defendant has three or more prior convictions for a "violent felony" and/or a "serious drug offense" which were "committed on occasions different from one another." 18 U.S.C.

§ 924(e)(1). The statute defines "serious drug offense" to mean:

> (i) an offense under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46, for which a maximum term of imprisonment of ten years or more is prescribed by law; or

> (ii) an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law . . . .

18 U.S.C. § 924(e)(2)(A). The statute defines "violent felony" to mean:

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that—

> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another [the "elements clause") ; or

> (ii) is burglary, arson, or extortion, involves use of explosives [the "enumerated offenses clause"], or otherwise involves conduct that presents a serious potential risk of physical injury to another [the "residual clause"] . . . .

18 U.S.C. § 924(e)(2)(B).

The Supreme Court held that the residual clause of the ACCA is unconstitutionally vague. <u>Johnson v. United States</u>, 135 S.

Ct. at 2557-58, 2563. The Supreme Court was nonetheless clear that it did not call into question the application of the elements clause or the enumerated crimes of the ACCA's definition of a violent felony. Id. Mathis v. United States found that an Iowa burglary conviction was not a "violent felony." 136 S. Ct. 2243. Neither Johnson nor Mathis discussed the "serious drug offense" component of the ACCA.

In petitioner's case, the PSR identified eleven (11) prior convictions as being either violent felonies or serious drug offenses. (PSR ¶¶6, 27.) These conviction were: (1) Burglary of a Dwelling; (2) Robbery; (3) Battery on a Law Enforcement Officer; (4) Aggravated Battery; (5) Possession of Cocaine with Intent to Sell or Deliver; (6) Possession of Cocaine with Intent to Sell or Deliver; (7) Sale or Deliver of Cocaine; (8) Possession of Cocaine with Intent to Sell or Deliver; (9) Possession of Cocaine with Intent to Sell or Deliver; (10) Possession of Cocaine with Intent to Sell or Deliver; and (11) Possession of Cocaine with Intent to Sell or Deliver. (Id.)

Petitioner is correct that Johnson and its progeny result in some of his prior convictions being no longer considered a "violent felony" within the meaning of the ACCA. However, Johnson and Mathias did not affect the drug offenses, which remain valid predicate ACCA offenses even if petitioner's Section 2255 Motion was timely as to those convictions.

**A. Violent Felony Offenses After <u>Johnson</u>**

"Whether a particular conviction is a violent felony for purposes of the ACCA is a question of law we consider *de novo*." <u>United States v. Gundy</u>, 842 F.3d 1156, 1160 (11th Cir. 2016) (citation omitted). The Court addresses each of the predicate prior offenses which had been characterized as violent felonies:

(1) **Burglary of a Dwelling, Fla. Stat. § 810.02(3):** A burglary conviction under Florida law is no longer a "violent felony" within the meaning of the ACCA. <u>United States v. Oscar</u>, 877 F.3d 1270, 1293 (11th Cir. 2017); <u>United States v. Garcia-Martinez</u>, 845 F.3d 1126 (11th Cir. 2017); <u>United States v. Espirit</u>, 841 F.3d 1235 (11th Cir. 2016).

(2) **Robbery, Fla. Stat. § 812.13:** A prior conviction in Florida for robbery in violation of Florida Statute § 812.13 continues to qualify categorically as a violent felony under the elements clause of the Armed Career Criminal Act. <u>United States v. Fritts</u>, 841 F.3d 937, 939–42 (11th Cir. 2016); <u>United States v. Seabrooks</u>, 839 F.3d 1326, 1338–45 (11th Cir. 2016).

(3) **Battery on Law Enforcement Officer, Fla. Stat. § 784.07:** A Florida conviction for battery on a law enforcement officer is no longer a violent felony within the meaning of the ACCA. <u>United States v. Braun</u>, 801 F.3d 1301, 1308 (11th Cir. 2015); <u>United States v. Hill</u>, 799 F.3d 1318, 1323 n.2 (11th Cir. 2015).

(4) **Aggravated Battery, Fla. Stat. § 784.045:** Aggravated battery under Florida Statute § 784.045 continues to constitute a violent felony offense for purposes of the ACCA sentence enhancement. United States v. Deshazior, 882 F.3d 1352, 1355 (11th Cir. 2018); In re Rogers, 825 F.3d 1335, 1340 (11th Cir. 2016).

### B. Serious Drug Offenses After Johnson

While petitioner's challenge to the prior convictions classified as "violent felonies" is timely, his attempt to challenge his prior drug convictions is not timely. Petitioner was previously convicted of seven drug offenses which were counted as qualifying "serious drug offenses." Petitioner has six convictions for Possession of Cocaine with Intent to Sell or Deliver and one conviction for Sale or Delivery of Cocaine, all in violation of Fla. Stat. § 893.13. Neither Johnson nor Mathis addressed or invalidated any portion of the definition of a "serious drug offense." See generally Johnson, 135 S. Ct. 2551; see also In re Sargent, 837 F.3d 675, 677 (6th Cir. 2016). The portion of the Section 2255 Motion attempting to challenge prior drug convictions is dismissed as untimely.[3]

Accordingly, it is hereby

**ORDERED:**

---

[3] Even if only one such conviction counted, as petitioner contends, petitioner would still have a sufficient number of qualifying convictions to support the ACCA sentence enhancement.

1.     The Motion to Dismiss the Petitioner's 28 U.S.C. § 2255 (Cv. Doc. #8) is **GRANTED IN PART AND DENIED IN PART.**

2.     Petitioner's Motion Pursuant to Criminal Procedure Rule 15(c)(2)-(d) Supplemental Pleadings Memorandum of Supporting Facts (Cv. Doc. #10) is **GRANTED.**

3.     Petitioner's Motion Under 28 U.S.C. Section 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Cv. Doc. #1; Cr. Doc. #45) is **DISMISSED IN PART** as untimely and is **DENIED IN PART** as without merit.

4.     The Clerk of the Court shall enter judgment accordingly and close the civil file.  The Clerk is further directed to place a copy of the civil Judgment in the criminal file.

**IT IS FURTHER ORDERED:**

**A CERTIFICATE OF APPEALABILITY (COA) AND LEAVE TO APPEAL *IN FORMA PAUPERIS* ARE DENIED.**  A prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition.  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 183 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(B)(2).  To make such a showing, petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004), or that "the issues presented were adequate to deserve

encouragement to proceed further," <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336 (2003)(citations omitted).  Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE and ORDERED** at Fort Myers, Florida, this ___29th___ day of March, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of record
AUSA